WILLIAM C. KAHL, State Superintendent, Department of PublicInstruction
In your letter of November 10, 1971, you have asked three questions concerning the statute dealing with the transportation of students attending private and public schools. The following Wisconsin Statutes are relevant to your questions:
Section 121.51 (4):
"`Attendance area' is the geographic area designated by the governing body of a private school as the area from which its pupils attend and approved by the school board of the district in which the private school is located. If the private school and the school board cannot agree on the attendance area, the state superintendent shall, upon the request of the private school and the board, make a final determination of the attendance area. The attendance areas of private schools affiliated with the same religious denomination shall not overlap."
Section 121.54 (1):
"CITY OPTION. Subsections (2) and (6) and s. 121.57 do not apply to pupils who reside in cities unless the school they attend is located outside the city but within the boundaries of the school district. Where an annual or special meeting of a common school district or a union high school district, or the school board of a city school district or unified school district determines to provide transportation for such pupils, state aid shall be paid in accordance with s. 121.58 and there shall be reasonable uniformity in the transportation furnished such pupils whether they attend public or private schools."
Section 121.54 (2) (c): *Page 242 
"An annual or special meeting of a common school district or union high school district, or the school board of a city school district or unified school district may determine to provide transportation for all or part of the pupils who reside in the school district to and from the nearest public school they are entitled to attend or the private school within or without the school district within whose attendance area they reside, but if transportation is provided for less than all such pupils there shall be reasonable uniformity in the minimum distance that pupils attending public and private schools will be transported. This paragraph does not permit the annual or special meeting or school board in a district operating only elementary grades to provide for the transportation of pupils attending private schools."
Section 121.54 (9):
"TRANSPORTATION IN AREAS OF UNUSUAL HAZARDS. In school districts in which unusual hazards exist in walking to and from school for pupils who reside less than 2 miles from the school where they are enrolled, the school board may develop a plan which shall show by map and explanation the nature of the unusual hazards to pupil travel and propose a plan of transportation which will provide proper safeguards for the school attendance of such pupils. . . ."
And, Art. I, sec. 23, Wis. Const:
"Transportation Of School Children. SECTION 23. Nothing in this constitution shall prohibit the legislature from providing for the safety and welfare of children by providing for the transportation of children to and from any parochial or private school or institution of learning."
In your first question, you ask whether private school pupils who live in an area recognized as unusually hazardous for purposes of transportation have to live in the private school attendance area to be eligible for transportation to that school. You note a specific example in the Racine unified district. The answer to your question is "yes."
In commenting on sec. 121.54 (1), Stats., the court in State exrel. Vanko v. Kahl (1971), 52 Wis.2d 206, 217, 188 N.W.2d 460, stated: *Page 243 
". . . We do note the statutory guideline that `there shall be reasonable uniformity in the transportation furnished . . . pupils whether they attend public or private schools.' (Sec.121.54 (1), Stats.) With this legislatively established lighthouse to mark the shores, the school district, the private school administrations, and the state superintendent should be able to steer without running aground on statutory or constitutional reefs."
In Cartwright v. Sharpe (1968), 40 Wis.2d 494, 505, 506,162 N.W.2d 5, the court stated:
". . . where transportation is furnished, either mandatory or permissive, it must be on a reasonably uniform basis to children attending either public or private schools."
". . . What the constitutional amendment and the enabling legislation accomplished was to provide that the same consideration of safety and welfare should apply to public and private students alike."
Under the existing law, a school district is not required to transport children attending a private school which has no attendance area. It is an elementary principle of statutory construction that statutes should be interpreted as a whole and effect given to each part in a consistent manner.
Without dwelling on the legislative history, it is suffice to say that sec. 121.54 (2) (b) and (c), Stats., provides the only statutory method by which children attending private schools may be transported. The only exception is found in sec. 121.54 (3), Stats., where a provision is made for the transportation of all handicapped children to either a public school, private school or other facility. In amending sec. 121.54, Stats., as it did, the legislature sought to provide transportation to private and public school students on an equal basis and in a uniform manner.
To require that transportation be furnished to children who are not in an attendance area, but because of choice, attend a school which requires them to travel a "hazardous area" would be making an additional classification of students to be transported, one not contemplated by the legislature. *Page 244 
In your second question, you ask whether private school pupils living in the areas of unusual hazard in which the school board is providing transportation within the school district may expect transportation to a private school outside the district, and less than two miles from their home. This question presents a rather unusual situation. However, if the student does not under these circumstances reside in an attendance area, he is not entitled to transportation even though a determination may have been made by the public school in the district in which the private school of attendance is located that a hazardous area does exist. Under these circumstances, the determination of an attendance area would, under existing statutes, have to be made by a school board and a private school not within the district in which the student resides. You have indicated that there is, under these circumstances, some difficulty in private school and public school officials arriving at an agreed attendance area and that the school boards in some instances are content to let the matter rest without agreeing to request the state superintendent to make the final determination as provided by sec. 121.51 (4), Stats.
Of course, under these circumstances, if the student does reside in a properly constituted attendance area, and a hazardous area as determined by the school district of attendance exists in walking to and from the school in which they are enrolled, such students are entitled to transportation pursuant to sec. 121.54
(9), Stats.
Therefore, the answer to your question depends on the detailed facts of each case which, in this instance, have not been supplied.
In addition, it is obvious that as the present statutes exist, considerable cooperation is called for by various school authorities, both public and private, for the implementation of the legislative intent that transportation be provided on an equal and uniform basis to all children whether they attend public or private schools.
In your third and last question, you ask whether public schools are required to provide transportation for eligible private school pupils on days the public schools are not in session. The answer to this question is "yes." To do otherwise would constitute an inconsistent and non-uniform application of the law.
RWW:JWC *Page 245